IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL COLEMAN,

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration

    Defendant.

No. C 05-00289 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Now before the Court is defendant's motion to dismiss for lack of jurisdiction and failure to state a claim.[1] Having carefully considered the parties' arguments, the Court hereby GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction, and DENIES defendant's motion to dismiss for failure to state a claim, for the reasons set forth below.

**BACKGROUND**

On December 11, 1997, plaintiff Nathaniel Coleman applied for supplemental security income (SSI). The application was denied on May 19, 1998. Plaintiff did not file an appeal.

On July 20, 2002, plaintiff again applied for SSI. The application was denied initially and again upon reconsideration. Plaintiff then requested a hearing before an administrative law judge (ALJ). On October 14,

---

[1] In plaintiff's opposition to the motion to dismiss, he asks that the Court construe defendant's motion as a motion for summary judgment and his opposition as a cross-motion for summary judgment. Because defendant's motion raises only procedural objections to plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12 and does not fully address the merits of the action, the Court declines to treat either party's filing as a summary judgement motion.

2004, the ALJ issued an opinion fully favorable to plaintiff, holding that plaintiff was disabled as of the July 20, 2002 date of application and was therefore eligible for benefits. However, as part of the 2002 application, plaintiff requested that the ALJ re-open the 1997 application. Prior to the hearing on the 2002 claim, plaintiff requested in writing a supplemental hearing on the issue of the 1997 claim. Plaintiff reiterated his request at the hearing. The ALJ denied the request for a separate hearing on the matter of the 1997 claim and then denied the request to re-open the application.

The parties dispute whether or not plaintiff filed an appeal of the ALJ's October 14, 2004 decision. Plaintiff maintains that on November 17, 2004, his counsel mailed a timely appeal to the Appeals Council. As the determination of the 2002 case was favorable to plaintiff, his appeal addressed the ALJ's decision not to reopen the 1997 case rather than the 2002 claim. Apparently, the Appeals Council did not immediately enter the appeal into the database, creating some confusion as to whether or not an appeal was filed. Defendant submits a declaration by Dennis Ford, Acting Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration (SSA), stating that no appeal was ever filed by plaintiff's counsel. Ford Decl. ¶ 3. To demonstrate that an appeal was timely filed, plaintiff provides a receipt for a package sent via certified mail to the Appeals Council and a confirmation from the U.S. Postal Service that the package was received by the Appeals Council office on November 22, 2004, at 10:54 a.m. Rages Decl. Ex. B. On January 20, 2005, fifty-nine days after the date plaintiff claims the Appeals Council received the appeal, and prior to receiving any final decision on the appeal, plaintiff filed this action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of a complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S.Ct. 1673, 1675 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.,

594 F.2d 730, 733 (9th Cir. 1979). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). A motion to dismiss will be granted only if the plaintiff has failed to allege an element necessary for subject matter jurisdiction under a given statute. See 2A James W. Moore et. al., Moore's Federal Practice ¶¶ 12.07-2.1 (2d ed. 1987).

A district court has jurisdiction to review final decisions of the Secretary of Health and Human Services. 42 U.S.C. § 405(g)-(h), 1383(c)(3). A claim is final when plaintiff has been denied an appeal of a prior decision, when an appeal has not been timely filed, or when plaintiff has exhausted all available administrative remedies. 20 C.F.R. § 416.1481; see Johnson v. Shalala, 2.F.3d 918, 921 (9th Cir. 1993). Plaintiff must exhaust all administrative remedies in order to seek judicial review of a final decision. Id.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S. Ct. 3012 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. See United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

## DISCUSSION

Defendant moves to dismiss on two grounds: 1) lack of subject matter jurisdiction, and 2) failure to state a claim. First, defendant contends that this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P (12)(b)(1) because no "final decision" has been made by the Appeals Council. 42 U.S.C. § 405(g). Plaintiff argues that the ALJ's decision is final because the exhaustion requirement was "waived." Plaintiff also contends that this Court has jurisdiction because he raises colorable constitutional claims in addition to his request to reopen the 1997 case. Specifically, plaintiff asserts that the ALJ's failure to hold a hearing on the

1997 claim violated plaintiff's procedural due process rights and that the ALJ was biased and committed a violation of the Equal Protection Clause of the Fourteenth and Fifth Amendments. Pl.'s Cross Mot. at 13; Pl.'s Compl. at ¶¶ 5, 6, 8, 9.

Second, defendant claims that plaintiff has failed to state a claim upon which relief can be granted because even if plaintiff has exhausted all administrative remedies and obtained a final decision, the regulations do not require a hearing before an ALJ makes a determination to reopen a case, and the decision to reopen is discretionary. 20 C.F.R. § 416.1488(c); SSR 91-5p, 20 C.F.R. § 416.1403(a)(5). In addition, absent a colorable constitutional claim, the discretionary decision to reopen is not subject to further review, see 20 C.F.R. § 416.1403(a)(5), and defendant asserts that none of plaintiff's constitutional claims are colorable.

### A.  Exhaustion of administrative remedies

Defendant contends that plaintiff has not exhausted all available administrative remedies because plaintiff either did not file a timely appeal, or, if a timely appeal was filed, brought suit in federal court prior to receiving a final determination from the Appeals Council, in violation of 42 U.S.C. § 405(g). Defendant also asserts that plaintiff has failed to meet the requirements for an exhaustion waiver. Plaintiff maintains that the ALJ's decision has become final for purposes of judicial review because the Appeals Council impliedly waived the requirement that plaintiff exhaust all administrative remedies when it failed to file or to accept the case in a timely manner. Alternatively, plaintiff contends that exhaustion of administrative remedies would be futile.

The Social Security Act authorizes judicial review of final decisions made by the Commissioner. 42 U.S.C. § 405(g). A final judgment consists of two elements: presentment of a claim and exhaustion of all administrative remedies. See Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993). In order to exhaust administrative remedies, a claimant must undergo three stages of administrative review after the Commissioner's initial decision. If the initial determination is unfavorable, the claimant may request reconsideration. See 20 C.F.R. §§ 416.1407-09. If reconsideration is adverse, the claimant may request a hearing before an ALJ. See 20 C.F.R. §§ 416.1429-30. If the claimant is dissatisfied with the ALJ's decision, the claimant may request Appeals Council review of the ALJ's decision. See 20 C.F.R. §§ 416.1467-68. If the request for review is timely, the Appeals Council may either review the ALJ's decision on the merits or deny the claimant's

4

request for review. See 20 C.F.R. § 416.1481. "Proceeding through these three stages exhausts the claimant's administrative remedies." Bowen v. City of New York, 476 U.S. 467, 472 (1986). The decision of the Appeals Council, or the decision of the ALJ if the Appeals Council denies review, constitutes a "final decision" for purposes of judicial review. See 20 C.F.R. § 416.1481.

The requirement of exhaustion may be waived either by the SSA or the courts. Cassim v. Bowen, 824 F.2d 791, 795. The Appeals Council can waive the requirement that a plaintiff exhaust all administrative remedies if the Council intentionally relinquishes or abandons a known right or privilege and where there is "clear decisive, and unequivocal conduct which indicates a purpose to waive the legal right involved." United States v. Amwest Surety Insurance Co., 54 F.3d 601-03 (9th Cir. 1995) (quoting Grove v. Pickett, 420 F.2d 1119, 1125-26 (9th Cir. 1970)). Courts may also impose a judicial waiver of the exhaustion requirement when deference to an agency's judgment is inappropriate and plaintiff satisfies a three-part test. Cassim, 824 F.2d at 795. To qualify for a judicial waiver, the claim must: 1) be collateral to a substantive claim, 2) establish that denial of the waiver will cause irreparable injury, and 3) demonstrate that exhaustion is futile and would not serve the purposes of exhaustion. Id.

The present claim is before the Court without any evidence of a final decision from the Appeals Council. Absent a waiver, exhaustion of administrative remedies is a requirement of judicial review. Id.; 42 U.S.C. § 405(g). The Court is not persuaded that the SSA impliedly waived exhaustion or that plaintiff has satisfied the three-part test for a judicial waiver. Plaintiff filed a complaint in this Court on January 20, 2005, only fifty-nine days after plaintiff claims the appeal of the ALJ's decision was filed. While the machinery of justice may at times be slow, delay does not constitute a "clear, decisive, and unequivocal" intent on the part of the government to waive jurisdiction over the appeal process. Amwest Surety Insurance Co., 54 F.3d at 603. There is little evidence in the record from either party that sheds light on the current standing of the appeal, and there is no evidence that the Appeals Council has refused to hear plaintiff's appeal. In addition, there is no evidence that plaintiff made an attempt to clarify the confusion over the status of his appeal by contacting the Appeals Council. The Court believes the administrative process should be allowed to run its course.

Plaintiff has also failed to meet the three-part test required for a judicial waiver. The policy behind

judicial waiver is to allow the court to dispense with the exhaustion requirement when plaintiff's interest is great and it would be futile to defer the question at issue to the administrative process. Cassim, 824 F.2d at 795. A plaintiff's claim is not collateral if it is essentially a claim for benefits rather than an effort to change an administrative policy or to challenge the SAA's failure to follow an applicable regulation. Shalala, 2 F.3d at 921. Plaintiff claims that an ALJ is required to hold a hearing prior to making a determination in a request to reopen a prior claim. However, while an ALJ may hold a hearing prior to making a determination on a request to reopen, there is no requirement that an ALJ must hold a hearing. 20 C.F.R. § 416.1488(c); SSR 91-5p. Because plaintiff's assertion that the SAA violated its own procedures in denying him a hearing is inaccurate, and plaintiff does not explicitly challenge the existing SSA regulations which prohibit judicial review, plaintiff's claim is essentially a claim for benefits. Therefore, as currently presented, plaintiff's claim is not collateral to his claim of entitlement. However, even if plaintiff's claim could be characterized as collateral, plaintiff has failed to meet the second and third elements of the test. Because the 2002 determination was favorable to plaintiff, plaintiff contests only the award of past benefits. However, past injury does not meet the irreparability requirement for waiver. Kaiser v. Blue Cross of California, 347 F.3d 1107, 1115 (9th Cir. 2003). Plaintiff's claim for the denial of future income, therefore, does not qualify as irreparable harm. Finally, although plaintiff has made unsubstantiated claims of bias, plaintiff has failed to submit sufficient evidence that exhaustion of administrative remedies would be futile. As the three prongs of the test have not been satisfied, a judicial waiver of the exhaustion requirement is denied.

Absent a waiver, plaintiff must exhaust his administrative remedies by waiting for a final determination. As there is no evidence in the record of a final determination from the Appeals Council regarding plaintiff's appeal, plaintiff has failed to exhaust all available administrative remedies and the decision of the Commissioner is not final for purposes of 42 U.S.C. § 405(g). Accordingly, the Court lacks jurisdiction to review the merits of plaintiff's claim.

Defendant's motion to dismiss pursuant to Rule 12(b)(1) is GRANTED without prejudice to refiling if and when plaintiff exhausts his administrative remedies.

**B.    Subject matter jurisdiction on the basis of colorable constitutional violations**

Because plaintiff has not exhausted his administrative remedies or established that he was entitled to

a waiver of the exhaustion requirement, this Court cannot reach plaintiff's constitutional claims. 42 U.S.C. § 405(g).

In any event, such claims are subject to rigorous requirements. A constitutional claim is not colorable if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." Boettcher v. Secretary of Heath & Human Services, 759 F.2d 719, 721 (9th Cir.1985); Hoye v. Sullivan, 985 F.2d 990, 992 (9th Cir. 1992). Likewise, a "mere allegation" of a constitutional violation of due process does not establish federal jurisdiction. Hoye, 985 F.2d at 992. The Ninth Circuit has been careful to caution that disappointed claimants may not make unsubstantiated claims of bias to undermine the statutory scheme that limits judicial review. Id. at 992.

Absent a colorable constitutional claim, judicial review does not extend to an ALJ's discretionary decision whether to reopen a prior final determination. 20 C.F.R. § 416.1403 (a)(5). The Supreme Court has specifically held that the Social Security Act exempts the decision not to reopen a prior claim from judicial review. Califiano v. Saunders, 430, U.S. 99, 97 (1997); see Pagnes v. Bowen, 871 F.2d 91, 93 (9th Cir. 1989). As the 2002 ALJ decision was fully favorable to plaintiff, the primary issue in this case is the ALJ's decision not to reopen the 1997 claim. There is no requirement that an ALJ hold a hearing prior to denying a request to reopen a prior claim. 20 C.F.R. § 416.1488(c); SSR 91-5p. Nonetheless, procedural regulations are in place to govern the reopening process. SSA's regulations require that a request for reopening a prior case be made within twelve months of notice of the initial determination. 20 C.F.R. § 416.1488. A request to reopen a claim for good cause can also be made within two years of the issuance of a final decision, except in limited circumstances where no time limit applies because a decision was obtained by fraud or like circumstances. Id. Plaintiff's 1997 claim is currently well outside the regulatory time limitation, and plaintiff does not allege fraud. Accordingly, absent a colorable constitutional claim related to the process by which the decision was made, this Court would lack authority to review the ALJ's decision not to reopen the 1997 claim. Id.; see Bowen, 871 F.2d at 93.

**C. Mandamus relief**

Plaintiff also seeks a writ of mandamus ordering a new hearing and expedition of his claim. The

7

mandamus statute provides that "the district courts shall have original jurisdiction of any action . . . to compel an officer or employee of the United States or an agency thereof to perform a duty owned to plaintiff." 28 U.S.C. § 1361. Mandamus lies only when the Secretary owed plaintiff a "clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984); see Briggs v. Sullivan, 886 F.2d 1132, 1142 (9th Cir. 1989). Mandamus is an extraordinary remedy that is available only if plaintiff has exhausted all administrative remedies. Hironymous v. Bowen, 800 F.2d 888, 893 (9th Cir. 1986). Mandamus does not lie in this case because plaintiff has not exhausted all administrative remedies. The Court also notes that because the decision to reopen a prior case is discretionary it does not qualify for mandamus relief. 20 C.F.R. § 416.1403(a)(5).

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction. This case is DISMISSED without prejudice to refiling in the event that plaintiff exhausts his administrative remedies. As the Court has no jurisdiction to evaluate plaintiff's claims, the Court DENIES defendant's motion for failure to state a claim.

**IT IS SO ORDERED.**

Dated: July 7, 2005

SUSAN ILLSTON
United States District Judge

8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL COLEMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner, Social Security<br>Administration<br><br>            Defendant._____/ | No. C 05-00289 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Now before the Court is defendant's motion to dismiss for lack of jurisdiction and failure to state a claim.[1] Having carefully considered the parties' arguments, the Court hereby GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction, and DENIES defendant's motion to dismiss for failure to state a claim, for the reasons set forth below.

## BACKGROUND

On December 11, 1997, plaintiff Nathaniel Coleman applied for supplemental security income (SSI). The application was denied on May 19, 1998. Plaintiff did not file an appeal.

On July 20, 2002, plaintiff again applied for SSI. The application was denied initially and again upon reconsideration. Plaintiff then requested a hearing before an administrative law judge (ALJ). On October 14,

---

[1] In plaintiff's opposition to the motion to dismiss, he asks that the Court construe defendant's motion as a motion for summary judgment and his opposition as a cross-motion for summary judgment. Because defendant's motion raises only procedural objections to plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12 and does not fully address the merits of the action, the Court declines to treat either party's filing as a summary judgement motion.

1 2004, the ALJ issued an opinion fully favorable to plaintiff, holding that plaintiff was disabled as of the July 20, 2002 date of application and was therefore eligible for benefits. However, as part of the 2002 application, plaintiff requested that the ALJ re-open the 1997 application. Prior to the hearing on the 2002 claim, plaintiff requested in writing a supplemental hearing on the issue of the 1997 claim. Plaintiff reiterated his request at the hearing. The ALJ denied the request for a separate hearing on the matter of the 1997 claim and then denied the request to re-open the application.

The parties dispute whether or not plaintiff filed an appeal of the ALJ's October 14, 2004 decision. Plaintiff maintains that on November 17, 2004, his counsel mailed a timely appeal to the Appeals Council. As the determination of the 2002 case was favorable to plaintiff, his appeal addressed the ALJ's decision not to reopen the 1997 case rather than the 2002 claim. Apparently, the Appeals Council did not immediately enter the appeal into the database, creating some confusion as to whether or not an appeal was filed. Defendant submits a declaration by Dennis Ford, Acting Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration (SSA), stating that no appeal was ever filed by plaintiff's counsel. Ford Decl. ¶ 3. To demonstrate that an appeal was timely filed, plaintiff provides a receipt for a package sent via certified mail to the Appeals Council and a confirmation from the U.S. Postal Service that the package was received by the Appeals Council office on November 22, 2004, at 10:54 a.m. Rages Decl. Ex. B. On January 20, 2005, fifty-nine days after the date plaintiff claims the Appeals Council received the appeal, and prior to receiving any final decision on the appeal, plaintiff filed this action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of a complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S.Ct. 1673, 1675 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.,

2

594 F.2d 730, 733 (9th Cir. 1979). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). A motion to dismiss will be granted only if the plaintiff has failed to allege an element necessary for subject matter jurisdiction under a given statute. See 2A James W. Moore et. al., Moore's Federal Practice ¶¶ 12.07-2.1 (2d ed. 1987).

A district court has jurisdiction to review final decisions of the Secretary of Health and Human Services. 42 U.S.C. § 405(g)-(h), 1383(c)(3). A claim is final when plaintiff has been denied an appeal of a prior decision, when an appeal has not been timely filed, or when plaintiff has exhausted all available administrative remedies. 20 C.F.R. § 416.1481; see Johnson v. Shalala, 2.F.3d 918, 921 (9th Cir. 1993). Plaintiff must exhaust all administrative remedies in order to seek judicial review of a final decision. Id.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S. Ct. 3012 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. See United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

## DISCUSSION

Defendant moves to dismiss on two grounds: 1) lack of subject matter jurisdiction, and 2) failure to state a claim. First, defendant contends that this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P (12)(b)(1) because no "final decision" has been made by the Appeals Council. 42 U.S.C. § 405(g). Plaintiff argues that the ALJ's decision is final because the exhaustion requirement was "waived." Plaintiff also contends that this Court has jurisdiction because he raises colorable constitutional claims in addition to his request to reopen the 1997 case. Specifically, plaintiff asserts that the ALJ's failure to hold a hearing on the

3

1997 claim violated plaintiff's procedural due process rights and that the ALJ was biased and committed a violation of the Equal Protection Clause of the Fourteenth and Fifth Amendments. Pl.'s Cross Mot. at 13; Pl.'s Compl. at ¶¶ 5, 6, 8, 9.

Second, defendant claims that plaintiff has failed to state a claim upon which relief can be granted because even if plaintiff has exhausted all administrative remedies and obtained a final decision, the regulations do not require a hearing before an ALJ makes a determination to reopen a case, and the decision to reopen is discretionary. 20 C.F.R. § 416.1488(c); SSR 91-5p, 20 C.F.R. § 416.1403(a)(5). In addition, absent a colorable constitutional claim, the discretionary decision to reopen is not subject to further review, see 20 C.F.R. § 416.1403(a)(5), and defendant asserts that none of plaintiff's constitutional claims are colorable.

### A.  Exhaustion of administrative remedies

Defendant contends that plaintiff has not exhausted all available administrative remedies because plaintiff either did not file a timely appeal, or, if a timely appeal was filed, brought suit in federal court prior to receiving a final determination from the Appeals Council, in violation of 42 U.S.C. § 405(g). Defendant also asserts that plaintiff has failed to meet the requirements for an exhaustion waiver. Plaintiff maintains that the ALJ's decision has become final for purposes of judicial review because the Appeals Council impliedly waived the requirement that plaintiff exhaust all administrative remedies when it failed to file or to accept the case in a timely manner. Alternatively, plaintiff contends that exhaustion of administrative remedies would be futile.

The Social Security Act authorizes judicial review of final decisions made by the Commissioner. 42 U.S.C. § 405(g). A final judgment consists of two elements: presentment of a claim and exhaustion of all administrative remedies. See Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993). In order to exhaust administrative remedies, a claimant must undergo three stages of administrative review after the Commissioner's initial decision. If the initial determination is unfavorable, the claimant may request reconsideration. See 20 C.F.R. §§ 416.1407-09. If reconsideration is adverse, the claimant may request a hearing before an ALJ. See 20 C.F.R. §§ 416.1429-30. If the claimant is dissatisfied with the ALJ's decision, the claimant may request Appeals Council review of the ALJ's decision. See 20 C.F.R. §§ 416.1467-68. If the request for review is timely, the Appeals Council may either review the ALJ's decision on the merits or deny the claimant's

4

request for review. See 20 C.F.R. § 416.1481. "Proceeding through these three stages exhausts the claimant's administrative remedies." Bowen v. City of New York, 476 U.S. 467, 472 (1986). The decision of the Appeals Council, or the decision of the ALJ if the Appeals Council denies review, constitutes a "final decision" for purposes of judicial review. See 20 C.F.R. § 416.1481.

The requirement of exhaustion may be waived either by the SSA or the courts. Cassim v. Bowen, 824 F.2d 791, 795. The Appeals Council can waive the requirement that a plaintiff exhaust all administrative remedies if the Council intentionally relinquishes or abandons a known right or privilege and where there is "clear decisive, and unequivocal conduct which indicates a purpose to waive the legal right involved." United States v. Amwest Surety Insurance Co., 54 F.3d 601-03 (9th Cir. 1995) (quoting Grove v. Pickett, 420 F.2d 1119, 1125-26 (9th Cir. 1970)). Courts may also impose a judicial waiver of the exhaustion requirement when deference to an agency's judgment is inappropriate and plaintiff satisfies a three-part test. Cassim, 824 F.2d at 795. To qualify for a judicial waiver, the claim must: 1) be collateral to a substantive claim, 2) establish that denial of the waiver will cause irreparable injury, and 3) demonstrate that exhaustion is futile and would not serve the purposes of exhaustion. Id.

The present claim is before the Court without any evidence of a final decision from the Appeals Council. Absent a waiver, exhaustion of administrative remedies is a requirement of judicial review. Id.; 42 U.S.C. § 405(g). The Court is not persuaded that the SSA impliedly waived exhaustion or that plaintiff has satisfied the three-part test for a judicial waiver. Plaintiff filed a complaint in this Court on January 20, 2005, only fifty-nine days after plaintiff claims the appeal of the ALJ's decision was filed. While the machinery of justice may at times be slow, delay does not constitute a "clear, decisive, and unequivocal" intent on the part of the government to waive jurisdiction over the appeal process. Amwest Surety Insurance Co., 54 F.3d at 603. There is little evidence in the record from either party that sheds light on the current standing of the appeal, and there is no evidence that the Appeals Council has refused to hear plaintiff's appeal. In addition, there is no evidence that plaintiff made an attempt to clarify the confusion over the status of his appeal by contacting the Appeals Council. The Court believes the administrative process should be allowed to run its course.

Plaintiff has also failed to meet the three-part test required for a judicial waiver. The policy behind

judicial waiver is to allow the court to dispense with the exhaustion requirement when plaintiff's interest is great and it would be futile to defer the question at issue to the administrative process. Cassim, 824 F.2d at 795. A plaintiff's claim is not collateral if it is essentially a claim for benefits rather than an effort to change an administrative policy or to challenge the SAA's failure to follow an applicable regulation. Shalala, 2 F.3d at 921. Plaintiff claims that an ALJ is required to hold a hearing prior to making a determination in a request to reopen a prior claim. However, while an ALJ may hold a hearing prior to making a determination on a request to reopen, there is no requirement that an ALJ must hold a hearing. 20 C.F.R. § 416.1488(c); SSR 91-5p. Because plaintiff's assertion that the SAA violated its own procedures in denying him a hearing is inaccurate, and plaintiff does not explicitly challenge the existing SSA regulations which prohibit judicial review, plaintiff's claim is essentially a claim for benefits. Therefore, as currently presented, plaintiff's claim is not collateral to his claim of entitlement. However, even if plaintiff's claim could be characterized as collateral, plaintiff has failed to meet the second and third elements of the test. Because the 2002 determination was favorable to plaintiff, plaintiff contests only the award of past benefits. However, past injury does not meet the irreparability requirement for waiver. Kaiser v. Blue Cross of California, 347 F.3d 1107, 1115 (9th Cir. 2003). Plaintiff's claim for the denial of future income, therefore, does not qualify as irreparable harm. Finally, although plaintiff has made unsubstantiated claims of bias, plaintiff has failed to submit sufficient evidence that exhaustion of administrative remedies would be futile. As the three prongs of the test have not been satisfied, a judicial waiver of the exhaustion requirement is denied.

Absent a waiver, plaintiff must exhaust his administrative remedies by waiting for a final determination. As there is no evidence in the record of a final determination from the Appeals Council regarding plaintiff's appeal, plaintiff has failed to exhaust all available administrative remedies and the decision of the Commissioner is not final for purposes of 42 U.S.C. § 405(g). Accordingly, the Court lacks jurisdiction to review the merits of plaintiff's claim.

Defendant's motion to dismiss pursuant to Rule 12(b)(1) is GRANTED without prejudice to refiling if and when plaintiff exhausts his administrative remedies.

**B.    Subject matter jurisdiction on the basis of colorable constitutional violations**

Because plaintiff has not exhausted his administrative remedies or established that he was entitled to

6

a waiver of the exhaustion requirement, this Court cannot reach plaintiff's constitutional claims. 42 U.S.C. § 405(g).

In any event, such claims are subject to rigorous requirements. A constitutional claim is not colorable if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." Boettcher v. Secretary of Heath & Human Services, 759 F.2d 719, 721 (9th Cir.1985); Hoye v. Sullivan, 985 F.2d 990, 992 (9th Cir. 1992). Likewise, a "mere allegation" of a constitutional violation of due process does not establish federal jurisdiction. Hoye, 985 F.2d at 992. The Ninth Circuit has been careful to caution that disappointed claimants may not make unsubstantiated claims of bias to undermine the statutory scheme that limits judicial review. Id. at 992.

Absent a colorable constitutional claim, judicial review does not extend to an ALJ's discretionary decision whether to reopen a prior final determination. 20 C.F.R. § 416.1403 (a)(5). The Supreme Court has specifically held that the Social Security Act exempts the decision not to reopen a prior claim from judicial review. Califiano v. Saunders, 430, U.S. 99, 97 (1997); see Pagnes v. Bowen, 871 F.2d 91, 93 (9th Cir. 1989). As the 2002 ALJ decision was fully favorable to plaintiff, the primary issue in this case is the ALJ's decision not to reopen the 1997 claim. There is no requirement that an ALJ hold a hearing prior to denying a request to reopen a prior claim. 20 C.F.R. § 416.1488(c); SSR 91-5p. Nonetheless, procedural regulations are in place to govern the reopening process. SSA's regulations require that a request for reopening a prior case be made within twelve months of notice of the initial determination. 20 C.F.R. § 416.1488. A request to reopen a claim for good cause can also be made within two years of the issuance of a final decision, except in limited circumstances where no time limit applies because a decision was obtained by fraud or like circumstances. Id. Plaintiff's 1997 claim is currently well outside the regulatory time limitation, and plaintiff does not allege fraud. Accordingly, absent a colorable constitutional claim related to the process by which the decision was made, this Court would lack authority to review the ALJ's decision not to reopen the 1997 claim. Id.; see Bowen, 871 F.2d at 93.

**C.     Mandamus relief**

Plaintiff also seeks a writ of mandamus ordering a new hearing and expedition of his claim. The

7

mandamus statute provides that "the district courts shall have original jurisdiction of any action . . . to compel an officer or employee of the United States or an agency thereof to perform a duty owned to plaintiff." 28 U.S.C. § 1361. Mandamus lies only when the Secretary owed plaintiff a "clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984); see Briggs v. Sullivan, 886 F.2d 1132, 1142 (9th Cir. 1989). Mandamus is an extraordinary remedy that is available only if plaintiff has exhausted all administrative remedies. Hironymous v. Bowen, 800 F.2d 888, 893 (9th Cir. 1986). Mandamus does not lie in this case because plaintiff has not exhausted all administrative remedies. The Court also notes that because the decision to reopen a prior case is discretionary it does not qualify for mandamus relief. 20 C.F.R. § 416.1403(a)(5).

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction. This case is DISMISSED without prejudice to refiling in the event that plaintiff exhausts his administrative remedies. As the Court has no jurisdiction to evaluate plaintiff's claims, the Court DENIES defendant's motion for failure to state a claim.

**IT IS SO ORDERED.**

Dated: July 7, 2005

SUSAN ILLSTON
United States District Judge