IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL COLEMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>JOANNE B. BARNHART, Commissioner, Social Security Administration,<br><br>    Defendant.<br>_____/ | No. C 05-00289 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND** |

On July 7, 2005, the Court granted defendant's motion to dismiss plaintiff's complaint in this Social Security appeal and entered judgment. On July 20, 2005, plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Having carefully considered the parties' arguments, the Court hereby DENIES plaintiff's motion.

**BACKGROUND**

Plaintiff's Social Security appeal is based on an October 14, 2004 ALJ decision awarding him benefits but denying his request to reopen a 1997 application. According to plaintiff, he filed a timely appeal to the Appeals Council on November 17, 2004. Prior to receiving any decision on the appeal, he then filed the complaint in this action on January 20, 2005. Defendant brought a motion to dismiss on grounds that plaintiff had not filed an appeal, or if he had, that he had not yet received a final decision from the Appeals Council. The Court found that plaintiff had not exhausted his administrative remedies and that plaintiff did not qualify for a waiver of the exhaustion requirement because there was no evidence of unequivocal conduct on the part of the SSA indicating a purpose to waive the legal right to review the request for appeal.

On July 20, 2005, plaintiff filed a motion to amend or alter the judgment based upon Federal Rule of Civil Procedure 59(e). That motion is now before the Court.

## LEGAL STANDARD

A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. See School Dist. No. 1J, Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).

## DISCUSSION

Plaintiff argues that he is entitled to Rule 59(e) relief because he has presented newly discovered evidence and because the Court has committed clear error.

**A.     New evidence regarding waiver**

Plaintiff offers a declaration stating that, on July 19, 2005, his office faxed this Court's July order and the copy of his original request for appeal to the Appeals Council. The declaration also states that, as of July 20, 2005, one day after re-faxing the documents to defendant, plaintiff had not received notice of acceptance from the Appeals Council. With his reply brief, plaintiff also submits a declaration from a law clerk working on his case stating that he called the Appeals Council on August 15, 2005 and was told that there was no record of an appeal for Nathaniel Coleman. Ragnes Decl. ¶4. Plaintiff argues that these additional attempts to clarify the status of his appeals are newly discovered evidence that defendant has waived the exhaustion requirement. According to plaintiff, defendant's continued refusal to acknowledge receipt of his appeal indicates the type of "clear, decisive, and unequivocal conduct" required for a finding of waiver. United States v. Amwest Surety Ins. Co., 54 F.3d 601-03 (9th Cir. 1995).

Defendant argues that plaintiff has presented "newly created" evidence that did not exist before the Court's judgment, but not "newly discovered" evidence, as required under Federal Rule of Civil Procedure

2

59(e). The Court agrees. Rule 56(e) is not a vehicle to present evidence that could and should have been presented prior to judgment. See School Dist. No. 1J, Multnomah County, Or. v. ACandS. Inc., 5 F.3d 1255 (9th Cir. 1993). Here, plaintiff had the opportunity to clarify the status of his appeal prior to filing his complaint. Plaintiff's efforts to establish that the Appeals Council has waived the right to hear the appeal subsequent to the Court's opinion do not entitle him to relief under Rule 59(e).

**B.    Clear error regarding waiver**

Plaintiff also contends that this Court committed clear error by rejecting his waiver argument. As the party invoking the jurisdiction of the federal court, plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78 (1994). While all material allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff, plaintiff still bears the burden of proving facts that enable the Court to draw the legal conclusion that a waiver occurred. See NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). This he did not do.

In granting defendant's motion to dismiss, the Court assumed as true plaintiff's statements that he had filed a timely appeal and that fifty-nine days after he filed the appeal, the Appeals Council had not formally acknowledged or logged the request into its computer system. However, the Court found that these facts did not establish waiver. To demonstrate waiver, plaintiff had to do more than allege that a waiver occurred, or show that the appeals process is slow or that a bureaucratic snafu held up his appeal; he needed to present facts establishing that the Appeals Council intentionally relinquished or abandoned a known right or privilege as evidenced by "clear decisive, and unequivocal conduct which indicates a purpose to waive the legal right involved." Amwest Surety Ins. Co., supra, 54 F.3d at 603. In his complaint and opposition to the motion to dismiss, plaintiff presented no facts suggesting that a delay of fifty-nine days was so excessive by agency standards that it constituted waiver. Therefore, the Court's decision was not clearly erroneous. Plaintiff's motion is DENIED on this ground as well.

### C. Clear error regarding plaintiff's constitutional claim

Because it granted the motion to dismiss on jurisdictional grounds, the Court did not reach the merits of plaintiff's constitutional claims in its July 7, 2005 order. The Court cautioned plaintiff, however, that if he were to re-file the claim after receiving a final decision: (1) claims of constitutional violations must be more than mere allegations made solely for the purpose of obtaining jurisdiction and must be supported by facts demonstrating that the claim is not wholly unsubstantiated, and (2) absent specifically proscribed exceptions or colorable constitutional claims, an ALJ's denial of a request to reopen a prior decision is exempt from judicial review. See Califiano v. Saunders, 430 U.S. 99, 97 (1997) (holding that the Social Security Act exempts the decision not to reopen a prior claim from judicial review); 4 Soc. Sec. Law & Prac. § 54:2.

Plaintiff is correct that once a claimant has obtained a final decision, non-frivolous allegations of due process violations based on mental impairment create a colorable constitutional claim reviewable by a federal court. See Udd v. Massanari, 245 F.3d 1096 (9th Cir. 2001); Validivia-Ramos v. Barnhart, 347 F. Supp. 2d 911, 917 (9th Cir. 2004). However, plaintiff did not allege mental incapacity in the complaint; in both the complaint and the opposition to the motion to dismiss, he alleged only bias and due process violations resulting from the ALJ's failure to hold a hearing.[1] As plaintiff failed to allege mental incapacity or any other statutory exception, a decision not to hold a hearing to reopen a prior case is discretionary and not subject to judicial review. 20 C.F.R §§ 1403(a)(5), 416.1488.

---

[1] Plaintiff asserts that an evidentiary hearing is required when a claimant asserts mental capacity pursuant to Social Security Regulation (SSR) 91-5p. Pls.' Opp'n at 6. It is the SSA's contention that 91-5p does not mandate a hearing. This appears to be an unsettled question in the Ninth Circuit. Def. Reply at 3,-4. Only the Fourth Circuit has held that the SSA must follow specific procedures when due process violations based on mental incapacity are asserted. See Young v. Bowen, 858 F.2d 951, 995 (4th Cir. 1988).

4

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion to alter or amend. [Docket # 20]

**IT IS SO ORDERED.**

Dated: 9/9/05

SUSAN ILLSTON
United States District Judge